IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Phillip Tate,                                         :

                    Plaintiff            :          Civil Action 2:06-cv-00627

          v.                              :          Judge Sargus

Trina Bell, *et al.*,                          :          Magistrate Judge Abel

                    Defendants          :

**Order**

    Plaintiff Phillip Tate, a prisoner at Trumball Correctional Institution ("TCI"), brings this action under 42 U.S.C. § 1983 alleging that defendants have failed to accommodate his food allergies and retaliated against him for filing grievances. This matter is before the Court on plaintiff Phillip Tate's November 29, 2006 objections to the Magistrate Judge's November 16, 2006 Report and Recommendation recommending that his August 7, 2006 motion for a preliminary injunction and temporary restraining order (Doc. 6) be denied. Plaintiff does not object to the recommendation that defendants' September 21, 2006 motion to dismiss (Doc. 17) be denied.

    The facts relevant to decision are fairly set out in the Magistrate Judge's Report and Recommendation, and the Court will not repeat them here. Suffice it to say, plaintiff Tate has failed to comply with ODRC policy 68-MED-05, which provides that inmates who seek an accommodation for a food allergy must undergo allergy testing to substantiate the need for an accommodation. In neither his original briefs nor his objections to the Report and Recommendation does Tate adequately explain his refusal to undergo allergy testing. He simply

points to twenty-one year old medical records and more recent orders from prison doctors that he receive a medical diet. Medical conditions may change over time. Medical testing is important to providing good medical care. It was not unreasonable for defendants to follow neutral prison regulations and require Tate to undergo allergy testing to demonstrate his present need for a medical accommodation.

On the present record, the Court determines that plaintiff Tate has failed to demonstrate that the four factors to be considered when determining whether to issue a preliminary injunction weigh in favor of issuing an injunction. The four factors are: "(1) whether the plaintiff has established a substantial likelihood or probability of success on the merits; (2) whether there is a threat of irreparable harm to the plaintiff; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by granting injunctive relief." *Nightclubs, Inc. v. City of Paducah*, 202 F.3d 884, 888 (6th Cir. 2000). "The four considerations applicable to pre-liminary injunction decisions are factors to be balanced, not prerequisites that must be met." *Mich. Bell Tel. Co. v. Engler*, 257 F.3d 587, 592 (6th Cir. 2001). On balance, plaintiff has not shown that he has a substantial likelihood or probability of success on the merits. He has given no adequate explanation for his refusal to undergo allergy testing to substantiate his current need for medical restrictions on his diet. Further, he has offered no evidence from which the Court could conclude that defendants acted with the intent to subject him to cruel and unusual punishment when they required him to undergo allergy testing in conformance with ODRC policy 68-MED-05.

Accordingly, plaintiff Phillip Tate's August 7, 2006 motion for a preliminary injunction and temporary restraining order (Doc. 6) is DENIED.

12-12-2006

Edmund A. Sargus, Jr.
United States District Judge

3